UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROBERT R.,                                  )
                                            )
        Plaintiff                           )
                                            )
v.                                          )        1:23-cv-00434-NT
                                            )
MARTIN O'MALLEY, Commissioner               )
of Social Security,                         )
                                            )
        Defendant                           )

## REPORT AND RECOMMENDED DECISION

Plaintiff applied for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.  Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity.  Defendant, therefore, denied Plaintiff's request for disability benefits.  Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

Defendant's final decision is the February 1, 2023, decision of the Administrative Law Judge.  (ALJ Decision, ECF No. 7-2).[1]  The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

The ALJ found that Plaintiff has a severe, but non-listing-level impairment of axillary nerve palsy.  (R. 18.)  Relevant to Plaintiff's request for judicial review, the ALJ concluded that Plaintiff's claimed complex regional pain syndrome (CRPS) did not constitute a medically determinable impairment. (R. 20.) The ALJ ultimately determined that Plaintiff can perform substantial gainful activity in the national economy. (R. 28.)

### STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome.  *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981).  "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts."  *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### DISCUSSION

Plaintiff challenges the ALJ's finding that complex regional syndrome (CRPS) is not a medically determinable impairment from which Plaintiff suffers.  Relatedly, Plaintiff contends the ALJ's RFC assessment is not supported by substantial evidence on the record.

At step 2 of the sequential evaluation process, a claimant must demonstrate the existence of medically determinable impairments that are "severe" from a vocational perspective, and that the impairments meet the durational requirement of the Social Security

Act.   20 C.F.R. § 416.920(a)(4)(ii).   A medically determinable impairment "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521.  A claimant's "statement of symptoms, a diagnosis, or a medical opinion" cannot establish an impairment.  *Id*.  If a medically determinable impairment is established, the severity of the impairment is assessed at step 2.  *Id.*

Social Security Ruling (SSR) 03-2p specifically addresses CRPS. "CRPS constitutes a medically determinable impairment when it is documented by appropriate medical signs, symptoms, and laboratory findings … [and] may be the basis for a finding of 'disability.' Disability may not be established on the basis of an individual's statement of symptoms alone." SSR 03-2p, 2003 WL 22399117, at *4. (S.S.A., Oct. 20, 2003.)

"CRPS can be established in the presence of persistent complaints of pain that are typically out of proportion to the severity of any documented precipitant and one or more of the following clinically documented signs in the affected region at any time following the documented precipitant:

- Swelling;

- Autonomic instability – seen as changes in skin color or texture, changes in sweating (decreased or excessive sweating), changes in skin temperature, and abnormal pilomotor erection (gooseflesh);

- Abnormal hair or nail growth (growth can be either too slow or too fast);

- Osteoporosis; or

- Involuntary movements of the affected region of the initial injury."

*Id*.

3

In 2019, Plaintiff began to experience mild pain and difficulty moving his right arm. (R. 411.)  By 2020, there was "clear evidence of medial scapular winging" which impacted his ability to lift overhead.  (R. 403, 447.)  Electrodiagnostic testing revealed long thoracic neuropathy.  (R. 548.)  Muhammad Arshad, M.D., diagnosed Plaintiff with CRPS.

The ALJ found "there is no evidence of abnormal hair or nail growth, autonomic instability, osteoporosis, involuntary movements of the affect region, or constant swelling. Furthermore, any limitations the claimant may have regarding complex regional pain syndrome in his right upper extremity would overlap with his diagnosis of axillary nerve palsy."  (R. 20.)

Plaintiff contends the ALJ erred when he determined that the record lacked evidence of swelling.  As Defendant acknowledges, the ALJ misstated the evidence of swelling necessary to establish CRPS.  The ALJ noted the absence of "constant swelling" while the Ruling explicitly provides that "[t]ransient findings are characteristic of CRPS, and do not affect a finding that a medically determinable impairment is present."  SSR 03-2p, 2003 WL 22399117, at *4.  The question is whether the record contains evidence of swelling such that the ALJ's CRPS finding that CRPS is not supported by substantial evidence on the record.

Plaintiff cites to evidence in the medical record referencing the swelling in his right shoulder as support for his claim of error.  Although the record contains multiple references to swelling, a review of the record reveals that the references are based on Plaintiff's reports of swelling rather than a provider's observation of swelling.  For instance, while Plaintiff cites the record of Kattalai Kailasam, M.D. as evidence of swelling, Dr. Kailasam's note specifically states the Plaintiff "report[ed] occasional swelling."  (R. 512.)  Dr. Kailasam did not document a finding of swelling.

Similarly, Dr. Arshad's records, upon which Plaintiff relies, cannot reasonably be construed as an objective finding of swelling.  On two separate occasions, as part of his diagnosis narrative, Dr. Arshad, referencing Plaintiff, writes, "[h]e also gets some swelling with more pain and referred pain from right shoulder blade to trapezius, deltoid and down into the right arm." (R. 523, 546.)  As part of the same records, Dr. Arshad notes that "[h]is strength may have improved but he is having difficulty to activate his musculature, perform exercise and participate in maneuvers recommended by therapist because of worsening pain." (*Id.*)  Dr. Arshad's records, however, include no documentation of swelling upon physical examination of Plaintiff or that Plaintiff attempted the "maneuvers recommended by [his] therapist" in Dr. Arshad's presence to produce pain.  In other words, a review of Dr. Arshad's records suggests that most of the narrative in the records is derived from Plaintiff's reports.  The reference to swelling in Dr. Arshad's notes, therefore, cannot reasonably be viewed as the product of a "medically acceptable clinical diagnostic technique[]" that is required to establish a medical sign as contemplated by the Ruling.  20 C.F.R. § 404.1502(g).  In the absence of a documented finding of swelling, the ALJ's determination that Plaintiff's claimed CRPS is not a medically determinable impairment is supported by substantial evidence.[2]

Plaintiff's objection to the ALJ's RFC assessment is in part based on Plaintiff's challenge to the ALJ's finding that CRPS is not a medically determinable impairment.  Any

---

[2] Even if the Court were to consider Dr. Arshad's records to include a documented sign of swelling for purposes of CRPS, remand is not required.  As the court in *Lewis v. Colvin*, 15-12223-FDS, 2016 WL 4007556, at *11 (D.Mass. July 26, 2016) noted, "SSR 03-2p states that an ALJ '*can reliably determine* that [CRPS] is present and constitutes a medically determinable impairment, it clearly does not mandate that the ALJ do so." (emphasis in original).  Particularly where the ALJ considered Plaintiff's symptoms when assessing the RFC and where Plaintiff has failed to establish the need for any additional limitations, the references to swelling in Dr. Arshad's notes do not require remand.

argument that the ALJ erred because he failed to account for Plaintiff's CRPS, therefore, is unavailing.   SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996) ("The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments").

To the extent Plaintiff contends that the RFC assessment is otherwise unsupported by the record, Plaintiff's argument also fails.  The ALJ assessed the relevant medical evidence, including Dr. Arshad's opinion, and supportably found the opinions of the state agency consultants (James Hall, M.D., and Donald Trumbull, M.D.) to be persuasive and the bases of his RFC assessment.  That the consultants did not have the opportunity to review Dr. Arshad's CRPS finding does not require a different result.  Given that the record supports the ALJ's CRPS finding and given that Plaintiff has not persuasively demonstrated that Dr. Arshad's diagnosis of CRPS requires additional RFC limitations, the ALJ could permissibly rely on the state agency consultants' opinions.  *Emily A. v. Saul*, No. 2:19-cv-00071-JDL, 2020 WL 2488576, at *7 (D. Me. May 14, 2020) (An ALJ may rely on experts' reports despite later-submitted evidence when the new evidence "does not call into question their conclusions."). Furthermore, the ALJ's reliance on Plaintiff's daily activities, among other evidence, including the opinions of the state agency consultants, does not constitute error.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of August, 2024.